IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01411-ZLW

ANDRE J. TWITTY,

    Plaintiff,

v.

TROY EID, Our Current U.S. Attorney,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 03 2009

GREGORY C. LANGHAM
                      CLERK

ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the motion titled "Rule 59(e) Motion" submitted *pro se* by Plaintiff, Andre J. Twitty, and filed with the Court on August 20, 2009. Mr. Twitty seeks reconsideration of the order of dismissal and the judgment entered and filed on July 31, 2009, denying him leave to proceed pursuant to 28 U.S.C. § 1915(g), and dismissing his complaint and the instant action without prejudice. Mr. Twitty is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.

The Court must construe the August 20, 2009, motion liberally because Mr. Twitty is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the liberally construed motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A postjudgment motion filed within ten days of a final judgment should be construed as a Rule 59(e) motion. *Id.*; *see also Dalton v. First Interstate Bank*, 863 F.2d 702, 703 (10th Cir. 1988). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Twitty's motion to reconsider in this action, which was filed more than ten days after the dismissal order and the judgment, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court denied Mr. Twitty leave to proceed *in forma pauperis* because of the "three strikes" provision of 28 U.S.C. § 1915(g), and dismissed the complaint and the action without prejudice. The July 31, 2009, dismissal order discusses in detail the reasons for the dismissal. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Twitty fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Rule 59(e) Motion" submitted *pro se* by Plaintiff, Andre J. Twitty, and filed with the Court on August 20, 2009, and which the Court has construed liberally as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b), is denied.

DATED at Denver, Colorado, this 2d day of Sept., 2009.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01411-ZLW

Andre J. Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 9/3/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk